IN THE CIRCUIT COURT OF MARYLAND PRINCE GEORGE'S COUNTY

MARTHA SALTERS
3472 Augusta Dr.
Ijamsville, MD 21754

      Plaintiff,

v.

SAFEWAY, INCORPORATED
337 E. Ridgeville Blvd.
Mt. Airy, MD 21771

Serve on:
Safeway, Incorporated
(Resident Agent)
5918 STONERIDGE MALL RD,
Pleasanton, ca 94588

      Defendant.

Case No.: _____

*****************************************************************************

## COMPLAINT

Plaintiff, MARTHA SALTERS, by and through her attorney, Jason M. Perash, brings suit against the Defendant, SAFEWAY, INCORPORATED, and states as follows:

1. Plaintiff is an adult citizen of the State of Maryland and a resident of Frederick County, Maryland.

2. Defendant SAFEWAY Inc. is a corporation with its principal office located in Pleasanton, California, that is owned, managed, controlled or was otherwise responsible for the premises known as SAFEWAY, 337 E Ridgeville Blvd, Mt. Airy, MD 21771.

### Venue

3. Because Defendant SAFEWAY Inc. does business in Prince George's County, Prince George's County is a proper venue for this action.


EXHIBIT A

1

Md. Code Ann., Cts. & Jud. Proc. § 6-201 (a) (2013) ("A civil action shall be brought in a county where the defendant...carries on a regular business, is employed, or habitually engages in a vocation"). The Defendants habitually engage in a vocation in Prince George's County.

## Facts

4. On or about August 17, 2019, around 2:00 pm, SALTERS was shopping at Safeway, 337 E. Ridgeville Blvd., Mt. Airy, MD 21771. She went into the store to buy a rug cleaning product. When SALTERS was unable to find the rug cleaner, she went to the customer service desk for help.

5. A SAFEWAY store associate, Ellen C., was working at the front desk. Ellen said she would take Plaintiff to the aisle to find Spot Shot cleaning product. Ellen C. walked Plaintiff to the open entry area by passing the closed cash register lines which were secured with a chain across each cash register lane.

6. Ellen C. looked for the Spot Shot rug cleaner but could not find it. Ellen C. led the Plaintiff back to the customer service desk to look the product up on the store computer. Plaintiff started to walk around the cash registers entry/exit way for customers since they have chains between the closed cash registers. Ellen C. said she would unlock one of the chains between the cash register, it would be faster than to walk around again. Ellen C. had Plaintiff follow her, so Plaintiff SALTERS followed Store Associate Ellen C.

7. Suddenly, Plaintiff SALTERS found herself lying on the floor. This happened lighting quick. Her feet flew out from under her, and she fell on the floor.

8. She hit the floor hard, landing on her side hip, elbow, and hand. It happened so fast; she didn't realize at first what happened. She was in shock for about 30 seconds.

9. Store associate Ellen C. immediately stated that a different associate was assigned to clean up the floor and he forgot to put up the yellow wet floor caution signs in the Cash Isle lane.

2

Ellen C. apologized and stated that she was very sorry Plaintiff SALTERS had fallen.

10. Ellen C. then helped Plaintiff SALTERS off the floor but SALTERS could not stand straight up because the floor was so slippery. SALTERS had to go on her knee first so she would not slip again. Once Plaintiff stood up, she grabbed the cash register conveyor belt/table to stabilize herself.

11. Ellen C. then went to get the store manager Phyl L. who was on duty at the time. He got Plaintiff SALTERSs a chair to sit in while he filled out the accident report. Plaintiff called her husband who was waiting for her in the car in the store parking lot.

12. Ellen C. used paper towels to begin wiping the floor. Ellen C. and Phyl told Plaintiff SALTERS husband the same story that another store associate who cleaned the floor forgot to put up the yellow warning signs saying caution, wet floor. They both apologized and indicated that the employee was a high school student, and an older employee would have known to place the caution wet floor signs after cleaning the floor.

13. Phyl and Ellen asked Plaintiff SALTERS how she was feeling while Phyl filled out the accident report. Plaintiff had pain on her right side, on her hip, her right wrist and elbow area. Also, her back and shoulder area hurt from the fall. Plaintiff stayed sitting in the chair for around 20 more minutes as she was in pain from the fall.

14. Plaintiff SALTERS was wearing jeans, T-shirt, and Sketcher's brand slip-on close toe and closed heel shoes. Plaintiff asked Ellen C. why Plaintiff slipped, and she didn't. Ellen stated that she wore oil and water slip resistant safety shoes as required by SAFEWAY.

15. Both Phyl and Ellen asked the Plaintiff if she was able to walk. Phyl and Ellen indicated that, if SALTERS could not walk, they could call for an ambulance. Ellen recommended that Plaintiff see her doctor on Monday.

16. Plaintiff SALTERS went home, continued to have muscle pain and tried to lay in the bed taking pain medicine. On Monday morning, Augusta 19, 2019, Plaintiff SALTERS went to her doctor and missed a half day of work.

17. Plaintiff held the status of a business invitee on the premises.

18. Defendant and/or its agents, servants, or employees failed to safely and properly inspect and maintain the area and failed to discover the defect, correct the defect, or warn pedestrians about it.

19. Defendant and/or their agents, servants, or employees knew or should have known that water / liquid on the floor posed a foreseeable hazard.

20. Defendant and/or their agents, servants, or employees did not post any warning signs regarding the defect or warn Plaintiff of any unsafe condition on the floor.

21. Defendant and/or their agents, servants, or employees owed a duty to Plaintiff to hire and retain competent and qualified individuals and breached this duty by failing to hire and retain competent and qualified individuals and/or entities to maintain the floors.

22. Plaintiff sustained serious, severe and permanent injuries as a result of the unsafe condition of the floor.

## COUNT I- NEGLIGENCE

23. Plaintiff hereby incorporates the allegations of paragraphs 1 through 22 above as if set forth fully herein.

24. Defendant had a duty to maintain the floors at SAFEWAY, 337 E Ridgeville Blvd, Mt. Airy, MD 21771, in a safe manner. Defendant breached that duty owed to the Plaintiff by leaving a hazardous condition present in the common area pathway. As direct and proximate

cause of Defendant's negligence, Plaintiff sustained bodily injuries. Plaintiff may have damages for past medical expenses, future medical expenses, past lost wages, future lost wages, past pain and suffering and future pain and suffering.

25. The aforesaid incident occurred as a result of and was proximately caused by the negligence of Defendant which consisted of the following:

    a. **Failing to properly supervise** the area in question so as to furnish to Plaintiff a safe place to walk, free from hazards which were recognized or should have been recognized by Defendant as causing or as being likely to cause serious physical harm to users of the premises, including Plaintiff;

    b. **Failing to maintain** the premises in a safe condition to insure that Plaintiff or others would not be caused to fall as a result of an unsafe condition on the floor;

    c. **Failing to properly inspect** the area where the Plaintiff or others were likely to be caused to fall as a result of the unsafe condition;

    d. **Failing to warn the Plaintiff** of the dangerous, defective and unsafe condition of the floor.

    e. **Failing otherwise to exercise the degree of care** required under the circumstances;

    f. **Failing otherwise to comply with the applicable laws** and regulations of the State of Maryland;

    g. Failing to properly supervise its agents, servants or employees;

    h. And for being negligent generally.

WHEREFORE, Plaintiff MARTHA SALTERS demands judgment against Defendant SAFEWAY Inc, in an amount greater than $75,000.00 plus costs, pre-judgment interest, post-

WHEREFORE, Plaintiff MARTHA SALTERS demands judgment against Defendant SAFEWAY Inc, in an amount greater than $75,000.00, plus costs, pre-judgment interest, post-judgment interest as this Court deems appropriate and for such other and further relief as the nature of this cause may require.

Respectfully submitted,

*[signature]*

Jason Perash, Esquire
9520 Berger Rd. Suite 212
Columbia, MD 21046
(443) 990-1529 (p)
jason@perashlaw.com
*Counsel for Plaintiff*

## REQUEST PURSUANT TO MARYLAND RULE 20-205(d)

Plaintiff, through counsel, respectfully requests that the clerk issue Writ(s) of Summons(es) for service upon the Defendant(s) named in the Complaint filed herein.

## NOTICE PURSUANT TO MARYLAND RULE 20-201(f)

Plaintiff, through counsel, hereby certifies that the Complaint filed herein does not contain any restricted information.

7

**Circuit Court For Prince George's County**
Clerk Of The Circuit Court
Courthouse
Upper Marlboro, Md. 20772-9987
MD Relay Service Voice/ TDD
1-800-735-2258

RECEIVED JUL 1 2 2022

Case No.: CAL22-18266

Other Reference No.(s): ...................................

Child Support Enforcement Number: ...................................

Date issued: June 27, 2022

To: Safeway, Incorporated
Serve: Safeway, Incorporated, Resident Agent
5918 Stoneridge Mall Rd
Pleasanton, CA 94588

# WRIT OF SUMMONS

You are hereby summoned to file a written response by pleading or motion, within 60 days after service of this summons upon you, in this Court, to the attached complaint filed by;

MARTHA SALTERS
3472 AUGUSTA DR
IJAMSVILLE MD 21754

This summons is effective for service only if served within 60 days after the date it is issued.

*Mahasin El Amin*
Clerk of the Circuit Court

#216

To the person summoned:

    Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.

    Personal attendance in court on the day named is NOT required.

Instructions for Service:

1. This summons is effective for service only if served within 60 days after the date issued. If it is not served within the 60 days, the plaintiff must send a written request to have it renewed.

2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.

3. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.

4. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).

CC-CV-032 (Rev. 01/2019)        Page 1 of 2        CAL22-18266

IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

MARTHA SALTERS,     *

    *Plaintiff*,     *     Civil Case No.: CAL2218266

v.     *

SAFEWAY, INC.,     *

    *Defendant*.     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT SAFEWAY, INC.

COMES NOW, Defendant Safeway, Inc. (hereinafter "Defendant"), by and through its undersigned attorneys, Justin M. Cuniff, Carlos A. Uria, and KIERNAN TREBACH, LLP, and files its Answer and Affirmative Defenses (hereinafter "Answer") in response to Plaintiff Martha Salter's (hereinafter "Plaintiff") Complaint as follows:

### GENERAL DENIAL OF LIABILITY

Pursuant to Maryland Rule 2–323(d), Defendant generally denies all liability.

### FIRST AFFIRMATIVE DEFENSE

Defendant reserves the right to object to venue in this matter based upon *forum non conveniens*.

### SECOND AFFIRMATIVE DEFENSE
(Failure to State a Claim)

Plaintiff has failed to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE
(Contributory Negligence)

If Plaintiff sustained any damages, such were caused or contributed to by the sole and/or contributory negligence of Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE
**(Assumption of the Risk)**

If Plaintiff sustained any damages as alleged, such were caused or contributed to by the knowing assumption of the risk of Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE
**(Intervening Causation)**

Plaintiff's alleged damages were directly and proximately caused by Plaintiff's own acts and conduct that intervened between Defendant's acts and conduct and Plaintiff's alleged damages, thereby barring any recovery by Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE
**(Intervening Act by Co-Defendant/Third Parties)**

Plaintiff's alleged damages were directly and proximately caused by the acts of omission and/or commission on the part of co-defendants and/or third-parties, which intervened between the acts and conduct of Defendant and Plaintiff's alleged damages, thereby barring any recovery by Plaintiff from Defendant.

## SEVENTH AFFIRMATIVE DEFENSE
**(Intervening Act by Unidentified Third Parties)**

Plaintiff's damages, if any, were caused by intervening and/or superseding acts of omission and/or commission on the part of unknown and/or unnamed third persons or entities over whom Defendant exercised no authority, dominion, or control.

## EIGHTH AFFIRMATIVE DEFENSE
**(Causation)**

Plaintiff's alleged damages are not causally related to the events alleged in the Complaint.

### NINTH AFFIRMATIVE DEFENSE
### (Active Negligence v. Passive Negligence)

Even if Defendant is found negligent, which is expressly denied, such negligence was passive or secondary, and Defendant is not liable to Plaintiff for her alleged damages and injuries, if any, because of the active or primary negligence of co-Defendants/Third Parties over whom Defendant had no control, whose negligence was not reasonably foreseeable, and whose negligence was the direct and proximate cause of any of Plaintiff's injuries or damages.

### TENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff has failed to take due and appropriate care in the mitigation of her alleged damages and recovery therefore is barred in whole or in part.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to Join Necessary Parties)

Plaintiff has failed to join all necessary parties.

### TWELFTH AFFIRMATIVE DEFENSE
### (Duty of Care)

Plaintiff's claims must fail, in whole or in part, because Defendant did not breach any duty of care owed to Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Lack of Notice)

Defendant did not have actual or constructive notice of the alleged dangerous condition.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Preexisting Medical Condition)

Plaintiff's alleged injuries are due to the natural progression, development, complications, and/or exacerbation of Plaintiff's preexisting medical conditions and problems.

## FIFTEENTH AFFIRMATIVE DEFENSE
**(Denial of Allegations)**

Defendant denies the allegations set forth in the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE
**(Reservation of Affirmative Defenses)**

Defendant states that it intends to rely on other affirmative defenses that may become available or apparent during discovery, and hereby reserves the right to amend this Answer to assert such defenses.

WHEREFORE, Defendant Safeway, Inc., requests that the Court dismiss Plaintiff's Complaint and award to it any further relief that the Court deems appropriate.

Dated: August 11, 2022

Respectfully submitted,

KIERNAN TREBACH, LLP

By: *[signature]*

Justin M. Cuniff (AIS #0512130183)
Carlos A. Uria (AIS #1212130231)
One Park Place, Suite 425
Annapolis, Maryland, 21401
Telephone: 443–263–2800
Facsimile: 443–263–2935
Email: jcuniff@kiernantrebach.com
Email: auria@kiernantrebach.com
***Counsel for Defendant Safeway, Inc.***

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 11th day of August, 2022, a copy of Defendant Safeway, Inc.'s, foregoing Answer and Affirmative Defenses was mailed, first class, postage prepaid, to:

Jason M. Perash, Esq.
THE LAW OFFICE OF JASON PERASH, LLC
9520 Berger Road, Suite 212
Columbia, Maryland, 21046
***Counsel for Plaintiff Martha Salters***

Carlos A. Uria, Esq.